UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 360HEROS, INC., a Delaware Corporation, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Index No. 5:17-cv-549 (MAD-DEP) ) |
| MAINSTREET AMERICA ASSURANCE COMPANY, a Florida Corporation. | ) ) ) |
| Defendant. | ) ) ) ) |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff 360Heros, Inc. ("360Heros") files this complaint against defendant Mainstreet America Assurance Company ("MSA") seeking declaratory relief and damages as well as a claim for breach of contract based on MSA's failure and refusal to pay policy benefits and to defend 360Heros in an underlying copyright trademark and patent, lawsuit venued in the United States District Court for the Northern District of California, styled as *GoPro, Inc. v. 360Heros*, Case No. 16-cv-01944 (the "*GoPro suit*").

**THE PARTIES**

1. Plaintiff 360Heros, Inc. manufactures, sells, and distributes photographic harness products in the United States and worldwide, including New York.

2. 360Heros is a Delaware corporation with its principal place of business in Olean, New York.

3. 360Heros is a citizen of the States of New York and Delaware.

4. On information and belief, Defendant MSA is the business of selling contracts of insurance.

5. Upon information and belief, MSA is a Florida corporation with its principal place of business in Jacksonville, Florida.

6. MSA is a citizen of the State of Florida.

## JURISDICTION, VENUE AND APPLICABLE LAW

7. 360Heros brings this civil action for declaratory relief pursuant to 28 U.S.C. § 2201 and breach of contract against its insurer, MSA, in addition to seeking damages and other relief.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.S. § 1367.

9. The amount in controversy is in excess of $75,000, exclusive of interest and costs because 360Heros seeks payment of defense costs well in excess of that amount.

10. On information and belief, MSA sells, issues and delivers insurance policies in New York and defends lawsuits nationwide, including those in California where the underlying action is now pending.

11. MSA is authorized to, and does issue insurance policies in New York, including Syracuse.

12. MSA issued the pertinent policy under which defense and coverage is sought in Syracuse, New York, using a broker in Syracuse, New York.

13. Venue is proper in the United States District Court for the Northern District of New York, pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) because MSA's Northeast regional headquarters is in Syracuse, New York, within the Northern District of New York. MSA's claims operations for the pertinent policy and for the defense of the underlying lawsuit is conducted in its regional headquarters in Syracuse, New York.

## THE MSA POLICY

14. CNERD, Inc. was the named insured on MSA Policy No. BP25610B effective 07-01-2013 to 07-01-2014 (the "Policy"). By endorsement, 360Heros was added as a named insured effective 07-01-2013 to 07-01-2016. CNERD and 360Heros were also insured on the MSA policy effective 07-01-2014 to 07-01-2015, and on the policy effective 07-01-205 to 07-01-2016. A copy of the Policy is attached **Exhibit "1"**.

15. Pursuant to the Policy, MSA had limits of insurance of $1,000,000 per occurrence, $1,000,000 personal and advertising injury limit, and $2,000,000 in the aggregate.

16. The Policy provides coverage for "personal and advertising injury" caused by an offense committed during the policy period.

17. The Policy provides for a defense of suits that potentially seek damages caused by "personal and advertising injury."

18. Specifically, the Policy provides, in pertinent part, the following coverage and definitions:

**BUSINESSOWNERS COVERAGE FORM**

**Section II - Liability**

A. Coverages

    1. Business Liability

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

F. Liability And Medical Expenses Definitions

    1. "Advertisement" means a notice that is … published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

        a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

        b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

    14. "Personal and advertising injury" means injury . . . arising out of one or more of the following offenses:

        g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

## THE UNDERLYING GOPRO ACTION

19. On April 13, 2016, GoPro filed a Complaint in the Norther District of California, alleging that 360Heros, infringed certain of GoPro's copyrighted images in its advertising, infringed its HERO and ABYSS trademarks, and otherwise engaged in unfair competition.

20. GoPro's complaint further sought a declaratory judgment of non-infringement of 360Heros' U.S. Patent No. 9,152,019 (the '019 patent"). A copy of GoPro's Complaint in that action is attached as **Exhibit "2"**.

21. Specifically, "GoPro denies that it has infringed, or is now infringing, the '019 patent and asserts that none of the products it has offered for sale, sold, imported or developed - practices any claims of the '019 patent…. **GoPro … seeks a judicial declaration[] that it has not infringed the '019 patent.**" *Id.* at ¶¶ 74, 76.

22. GoPro further alleges that it acquired a French company Kolor SARL that had been selling the ABYSS rig in the U.S. previously in 2014, *id.* at ¶ 15, and GoPro's sixth claim specifically seeks a declaration of non-infringement of the '019 patent for this ABYSS rig and other similar rigs. *Id.* at ¶ 73.

23. It is 360Heros' position that GoPro's claim is not caused by any prior assertion of patent infringement by 360Heros, but rather is motivated by GoPro's hope that the insured could not defend the lawsuit, would ultimately default on the case, and thus give GoPro an unfettered right to practice the `019 patent.

## 360HEROS' NOTICE TO MSA REGARDING AND APPEARANCE IN THE GOPRO ACTION

24. By a letter dated April 22, 2016, counsel for 360Heros provided notice of the lawsuit and a copy of the Complaint to MSA.

25. 360Heros' counsel gave further notices of the suit's pendency through May and June 2016.

26. On August 2, 2016 MSA agreed to defend 360Heros in the *GoPro Action* by its letter of that date. It subsequently confirmed that its reservations of rights letter created a

conflict of interest entitling 360Heros to retain "independent counsel at MSA's expense." A copy of MSA's letter agreeing to pay for 360Heros' defense of the *GoPro Action* is attached as **Exhibit "3"**.

27.     After service of the Complaint in the *GoPro Action*, and following unsuccessful settlement negotiations, Gauntlett & Associates ("G&A") became defense counsel in the *GoPro Action* at agreed rates of compensation, substituting as counsel for Kirkland & Ellis.

28.     MSA was aware of and approved of G&A's retention and appearance as defense counsel.

29.     On August 22, 2016, G&A filed an Answer to the GoPro Complaint on 360Heros' behalf. As required under Fed. R. Civ. P. 13(a), 360Heros also asserted, *inter alia*, a compulsory Counterclaim alleging that GoPro infringed the '019 patent that was the subject of the claim for declaratory relief against 360Heros.

### MSA'S BREACH OF THEIR RESPECTED DUTY TO PERFORM IN ACCORDANCE WITH THEIR DUTY OF DEFENSE

30.     Since MSA received notice of the GoPro Action and continuing through mediation and active litigation in the Northern District of California, MSA's claims representatives had steadfastly agreed that litigation of all patent issues, including incidental prosecution of 360Hero's compulsory Counterclaim, fall within the purview of MSA's defense obligations.

31.     Throughout negations of the GoPro litigation, preparation and filing of the Answer with Counterclaims, and work attendant to the lawsuit after issue was joined, G&A promptly invoiced MSA for its fees incurred in defense of the *GoPro Action*. MSA paid those invoices, with only slight deviations, within thirty (30) days of those invoices.

32.     The *GoPro Action* is extremely active, with the parties conducting discovery over the past seven months, attending court conferences, engaging an expert witness, filing documents and arguments and preparing for a patent claim construction hearing (a *Markman* hearing)

scheduled for June 1, 2017, and preparing for a Further Case Management Conference on June 23, 2017.

33. MSA paid the first seven G&A defense invoices, except for a small amount because of a disagreement over the proper billing rate for a single attorney for a single month.

34. However, since MSA's receipt of G&A's April 1, 2017 invoice, MSA has refused, and continues to refuse, to pay any amount of 360Heros' defense costs or legal fees associated with the GoPro Action.

35. MSA has refused to pay G&A's invoices reflecting work necessary to defend the GoPro Action that were issued on April 1, and May 1, 2017. Those invoices total $298,434.11, billing defense work performed between March 1 and April 30, 2017.

36. Despite 360Heros counsel having made repeated inquiries into the status of payment on the defense cost, MSA has only stated that it is "reviewing" the bills.

37. The only justification MSA has ever provided for its sudden reversal in course, is its position that it is not obligated to pay legal costs associated with 360Heros' assertion of its compulsory counterclaim for infringement of the '019 patent.

### THE COMPULSORY PATENT COUNTERCLAIM IS ENTIRELY SUBSUMED BY THE DECLARATORY JUDGMENT CLAIM FOR NON-INFRINGEMENT

38. An infringement claim is a compulsory counterclaim to a declaratory judgment claim of non-infringement of the same patent, and, if not made, is deemed waived. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc*. 200 F.3d 795, 801-802 (Fed. Cir. 1999) ("[E]very court that has discussed the issue has recognized that an infringement counterclaim is compulsory in an action for declaration of non-infringement.").

39. Once the issue was raised of whether there was infringement of a patent, the Northern District of California's Patent Local Rules automatically applied. Those rules set forth a comprehensive, technical and expeditious procedure for handling patent-related cases, including specialized discovery requirements and the conduct of a *Markman* hearing.

40. GoPro's filing of its Complaint, not the assertion of 360Heros' compulsory counterclaim, forced 360Heros' defense counsel to take all the actions they have taken with regard to the patent issues in this case.

41. 360Heros' defense against GoPro's claim for non-infringement raises exactly the same questions as the Counterclaim for patent infringement; the same patent is involved, they share the same legal analysis, the same facts, the same evidence and the same Patent Local Rule procedures and are geared toward the same concomitant result.

42. All the work done by G&A is necessary and essentially identical to defend and to pursue the infringement counterclaim. At the end of the day, the court will determine whether or not GoPro infringes the '019 patent. No additional work is being done as a consequence of the counterclaim that is not necessary simply because of GoPro's Complaint.

## FIRST CAUSE OF ACTION
(Declaratory Relief—Duty to Defend and Pay)

43. 360Heros incorporates the allegations of the above paragraphs in this Complaint as those fully alleged here.

44. A valid contract existed between 360Heros and MSA, namely the Policy.

45. 360Heros fully performed all of its obligations and conditions under the Policy or has been excused from performing because of MSA breach of its duties.

46. Under the MSA policy, MSA agreed to provide a defense to 360Heros in a suit seeking damages for offenses as defined in the Policy.

47. The underlying *GoPro Action* alleges facts implicating coverage under the MSA Policy, and thereby triggered MSA's obligation to defend 360Heros.

48. MSA is required by law to defend all claims in the GoPro Action, regardless of whether it is responsible for indemnifying 360Heros on any particular claim.

49. Although MSA agreed to provide a defense to 360Heros subject to reservation of rights, it is wrongly denied prompt, immediate and complete payment of reasonable and necessary defense expenses and attorneys' fees following its receipt of invoices commencing in

April 1, 2017 contending for the first time, and in contrast to its prior admissions and course of conduct, that the patent infringement claim elements of the case were inextricably intertwined with its defense of declaratory relief action re patent infringement.

50. Further, an express dereliction of its duty to defend the entire suit, including prosecution of the compulsory counterclaim, which is "conducted against liability" under applicable law.

51. An actual, *bona fide* controversy exists between 360Heros and MSA. They require judicial declaration by this court of the parties' rights and duties regarding MSA's duty to defend 360Heros in the *GoPro Action*, and determination of amount of reasonable and necessary defense expenses owed by MSA.

## SECOND CAUSE OF ACTION
**(Breach of Contract)**

52. 360Heros incorporates the allegations of the above paragraphs in this Complaint as though fully alleged herein.

53. A valid contract existed between 360Heros and MSA, namely the MSA policy.

54. 360Heros fully performed all of its obligations and conditions under the MSA policy or has been excused from performing because of MSA breach of its duties.

55. Under the MSA policy, MSA agreed to provide a defense to 360Heros in a suit seeking damages for offenses as defined in this Policy.

56. Thereafter, while purporting to review invoices beyond the thirty (30) day payment date, MSA retained coverage counsel who advised that its review of the invoices indicated that the fees were for patent litigation which MSA contends were to support prosecution of 360Heros' patent rights in its Counterclaims and was not subject to reimbursement.

57. The underlying *GoPro Action* alleges facts potentially implicating coverage under the MSA Policy, triggering an obligation to defend 360Heros in the *GoPro Action* and to prosecute the counter-compulsory Counterclaim as the same legal activities essential to defend

the declaratory relief action re non-infringement were also necessary to prosecute the Counterclaim for infringement against GoPro as alleged above.

58. Nonetheless, although MSA agreed to provide a defense to 360Heros subject to reservation of rights, it is wrongly denied prompt, immediate and complete payment of reasonable and necessary defense expenses for all aspects of the patent litigation activity necessary to defend the declaratory relief action against 360Heros for declaratory relief and the concurrently-filed Counterclaim for patent infringement against GoPro with the Answer and Affirmative Defenses therein.

59. By this action, 360Heros seeks reimbursement of all reasonable and necessary defense expenses owed by MSA and prejudgment interest from the date of each late paid invoice for defense fees under applicable New York law at the legal rate of 9% per annum.

**THIRD CAUSE OF ACTION**
**(Account Stated)**

60. 360Heros incorporates the allegations of the above paragraphs in this Complaint as though fully alleged herein.

61. G&A, on behalf of 360Heros, prepared and forwarded to MSA invoices setting forth the sums due and owing to G&A as defense cost accrued in defense of 360Heros.

62. MSA agreed to pay defense costs within 30 days of receiving invoices, and to resolve any fee dispute within 15 days of raising the issue.

63. MSA received the G&A invoice dated April 1, but did not object to the contents of the invoices or controvert the sums due and owing within the time agreed by the parties or in accordance with the parties' course of dealing.

64. MSA received the G&A invoice dated May 1, and did not provide any specific objection to the sums due and owing as reflected therein.

65. Rather, MSA simply refused to pay the invoice without describing the grounds for its refusing or asserting any detailed or cogent objections to the amounts or entries reflected in the invoice.

{H3085361.1}                                                9

66. As a result of the foregoing, there is an account stated against MSA on behalf of 360Heros.

67. Further, MSA is not entitled to now object to any portion of such account stated or otherwise fail to pay all sums due and own on the account.

### FOURTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

68. 360Heros incorporates the allegations of the above paragraphs in this Complaint as though fully alleged herein.

69. The contract of insurance between 360Heros and MSA includes an implied covenant of good faith and fair dealing.

70. MSA thereby owed 360Heros a duty of good faith.

71. By abruptly ceasing all payment of defense costs, MSA wrongfully deprived 360Heros of the benefits of the insurance contract.

72. MSA's assertion of lack of coverage for costs associated with 360Heros' compulsory patent infringement counterclaim was so egregious as to constitute bad faith.

73. MSA has subsequently revised its purported basis for refusing to pay any sums toward defense of this matter, stating that it sought to review such costs for "reasonableness."

74. This revised position and admission that the basis for its earlier refusal to pay defense costs was groundless, as well as its continuing refusal to pay any amount of the defense bills whatsoever, reflect MSA's elevation of its own interests above that of its insured.

75. Additionally, MSA agreed to pay defense costs within 30 days of receiving invoices, and to resolve any fee dispute within 15 days of raising the issue.

76. MSA has failed to follow the agreed-upon timeframe for payment and resolution of disputes as to defense costs.

77. MSA's failure to provide any cogent, particularized objection to any of the G&A invoices, together with its unreasonably delay in providing any justification whatsoever

regarding its blanket refusal to pay any amount of the invoices, reflects a gross disregard for the interests of its insured.

78. MSA's conduct was undertaken is knowing and intentional disregard for 360Heros' rights under the insurance contract, and with full knowledge of its vulnerable position within the GoPro litigation should it be left without counsel.

79. 360Heros has suffered and will continue to suffer consequential damages as a direct result of MSA's bad faith failure to timely pay defense costs, including being forced to incur further attorneys' fees to pursue this present litigation.

80. 360Heros seeks all such consequential damages, including reasonable attorneys' fees incurred in bringing this action, from MSA, together with such further relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff 360Heros prays for judgment against MSA as follows:

1. A judicial declaration MSA is obligated to provide 360Heros a prompt, immediate a complete defense in the *GoPro Action*;

2. A judicial declaration MSA breached is defense obligations to 360Heros by wrongfully denying prompt, immediate and complete payment of reasonable, necessary defense expenses including those incurred related to patent litigation claims, including that in defense of the declaratory relief action for non-infringement and compulsory Counterclaim for patent infringement against GoPro;

3. Injunctive relief under applicable New York and Second Circuit law requiring the immediate and regular continuing payment of reasonable defense fees and costs billed to 360Heros and tendered to MSA;

4. The determination and award of general damage consisting of all reasonable defense expenses incurred by 360Heros in defense of the *GoPro suit* are from MSA;

5. An award of prejudgment interest accruing from the date of each unpaid or late paid defense invoice at the statutory rate of 9% per annum pursuant to applicable New York law; and award of costs of suit;

6. An award of costs;

7. Other and further relief of this court may deem just and proper including the coverage fees incurred in this action and prejudgment interest thereon.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: June 12, 2017

**HANCOCK ESTABROOK, LLP**

By: /s/ James P. Youngs
James P. Youngs, Esq. (Bar Roll No. 515029)
100 Madison Street, Suite 1500
Syracuse, NY  13202
Telephone:  (315) 565-4500
Facsimile:   (315) 565-4600
jyoungs@hancocklaw.com

David A. Gauntlett, Esq.
James A. Lowe, Esq.
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, CA 92612
Tel: (949) 553-1010/ Fax: (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
*(Admitted Pro Hac Vice)*

Attorneys for Plaintiff
360HEROS, INC.