# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 360HEROS, INC., a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MAINSTREET AMERICAN ASSURANCE COMPANY, a Florida Corporation.<br><br>　　　　　　　Defendant. | Civil Action No.: **5:17-CV-0549 (MAD/DEP)**<br><br>**360HEROS' SUPPLEMENT TO MOTION FOR PRELIMINARY INJUNCTION** |

**TABLE OF CONTENTS**

Page

I.   PRESENT CASE STATUS ................................................................................................. 1

II.  MSA HAS RECENTLY PAID DEFENSE INVOICES WITHIN 30 DAYS ............... 2

III. A PROHIBITORY INJUNCTION IS APPROPRIATE TO MAINTAIN THE STATUS QUO. ......................................................................................................... 2

IV.  THE PARTIES SHOULD CONFER ABOUT FUTURE DEFENSE EXPENSES TO RESOLVE ANY DISPUTES ABOUT REASONABLENESS ......... 3

    A.   There Is No Basis for Arbitration ........................................................................ 3

    B.   The Parties Should Cooperatively Resolve Reasonableness Questions ........... 4

V.   CONCLUSION ................................................................................................................... 5

Plaintiff 360Heros, Inc. submits this Supplement to its Motion for Preliminary Injunction [**ECF 2**] in accordance with the Court's December 22, 2017 Order.

## I. PRESENT CASE STATUS

The underlying suit in the Northern District of California, *GoPro, Inc. v. 360Heros,* Case No. 16-cv-01944 (the "GoPro suit"), is still very active. No settlement seems likely at this time, despite a JAMS mediation and two Settlement Conferences. The patent infringement claims (GoPro's request for a declaration of non-infringement and 360Heros compulsory infringement counterclaim) were recently dismissed for lack of standing at the time the claims were filed; the patent issues are now being litigated in a new action in the District of Delaware that does not involve the insurer here, Mainstreet America Assurance Company ("MSA"). But GoPro is unwilling to settle the California action unless it obtains rights to practice 360Heros' patent. Fact discovery is substantially complete and expert disclosures are due on February 7, 2018 in the GoPro suit; the trial is set for June 18, 2018.

360Heros, Inc., a family funded business, remains unable to pay for its defense in the GoPro suit, as detailed in Michael Kintner's declaration in support of the motion for preliminary injunction [**ECF 2-20:2**], and without MSA's full and prompt payment of defense invoices, 360Heros cannot survive the GoPro suit.

The parties to this coverage suit have been unable to reach a formal settlement agreement. But MSA has been regularly paying the full defense invoices in the GoPro suit within 30 days and has generally not contested defense charges until the end of December: At that juncture a letter from MSA's monitoring counsel asserted that too much time had been spent on various tasks, recommending a reduction in a November 2017 invoice of 26%. 360Heros believes the proposed reductions are not justified and responded with a detailed explanation of the challenged fees. MSA has not yet responded despite ample opportunity to do so. This correspondence is not included here as it addresses facts and legal analysis which cannot be publically disclosed.

**II.     MSA HAS RECENTLY PAID DEFENSE INVOICES WITHIN 30 DAYS**

Since 360Heros's motion for a preliminary injunction was filed, MSA has paid defense invoices in full within 30 days, except for a few revisions or adjustments agreed to by the parties. Since the filing of the motion for a preliminary injunction the insurer's conduct has therefore conformed to the payment procedure sought by 360Heros in its motion, that is, full payment of defense invoices within 30 days.

MSA does not dispute its obligation to defend 360Heros in the GoPro suit by paying the reasonable fees charged by independent counsel, Gauntlett & Associates, and has agreed to rates. [**ECF 15:3**] This coverage lawsuit was precipitated when MSA made only partial payments toward the April, May, and June 2017 defense invoices and improperly denied a duty to pay for certain claims in the GoPro suit.  MSA had, at that time, improperly denied payment for the defense of a GoPro claim seeking a declaratory judgment of no infringement of a 360Heros patent. Later, MSA conceded that its obligation was to defend the entire lawsuit.

MSA, however, made no defense payment until a month after 360Heros filed the motion for preliminary injunction and even two weeks after MSA filed its opposition to the motion. However, in the half year since it resumed defense payments, MSA has made payments according to the terms of the proposed preliminary injunction, effectively conceding the appropriateness of the relief requested here.

Nevertheless, the parties have not been able to reach a settlement agreement in this case.

**III.    A PROHIBITORY INJUNCTION IS APPROPRIATE TO MAINTAIN THE STATUS QUO.**

The Second Circuit differentiates "between injunctions that propose to alter the status quo (mandatory injunctions) and those that merely seek to maintain it (prohibitory injunctions)." *XL Specialty Ins. Co. v. Level Global Investors, L.P.*, 874 F. Supp. 2d 263, 271 (S.D.N.Y. 2012) citing *Cachillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011). *XL Specialty Ins. Co*. 874 F. Supp. 2d at 272 held a prohibitory injunction appropriate to prevent the insurer from ceasing the advancement of defense costs and ordered the insurer to continue advancing defense costs. *Id.* at

292. Similar factual circumstances exist here to justify the entry of the preliminary injunction requested.

*In re World Corn, Inc. Sec. Litig.*, 354 F. Supp. 2d 455, 463 n.10, 469 (S.D.N.Y. 2005) held that "[t]he failure to receive defense costs … at the time they are incurred constitutes an immediate and direct injury" sufficient to satisfy the irreparable harm requirement and that the balance of hardships tipped "decidedly" in plaintiff insured's favor. It found "irreparable injury if [defense] costs are not paid as they are incurred." The preliminary injunction for continued payment of defense costs as incurred was granted with no security bond. *Id*. at 470-71. *Rocha v. Certain Underwriters at Lloyd's London*, 16 CV 2327 (RJD), 2016 U.S. Dist. LEXIS 188176, *2 (EDNY, September 26, 2016) similarly granted a preliminary injunction requiring the insurers to pay even defense costs in a criminal case.

## IV.   THE PARTIES SHOULD CONFER ABOUT FUTURE DEFENSE EXPENSES TO RESOLVE ANY DISPUTES ABOUT REASONABLENESS

### A.   There Is No Basis for Arbitration

MSA's policy does not provide for any sort of arbitration and the parties have no agreement to arbitrate. But MSA has suggested that disputes about the reasonableness of defense expenses could be resolved by arbitration under Cal.Civ.Code 2860(c). But that statute has been interpreted as providing arbitration *only of* attorney billing *rates* and not the fees or defense expenses themselves. *Gray Cary Ware & Freidenrich v. Vigilant Ins. Co*., 114 Cal. App. 4th 1185, 1193 (2004):

> [W]e do not believe the Legislature intended parties to arbitrate disputes involving *Cumis* defense expenses.… It appears the Legislature focused on the rates to be paid Cumis counsel and a method for resolving disputes over these rates, with the legislative history devoid of any indication showing the Legislature considered disputes regarding *Cumis* expenses.[1]

---

[1] Also, section 2860(c) arbitration is not permitted until any bad faith claim is resolved, such as alleged in this case. *Janopaul + Block Cos. v. Super.Ct*, 200 Cal. App. 4th 1239, 1249 (2011).

There is no dispute here about the rates charged by defense counsel; the parties long ago agreed on rates [**ECF 15:3**]. Even if California law applied here—and it does not—there is no rate dispute to arbitrate and the reasonableness of defense charges is not subject to arbitration.

California law, however, does not apply to this matter. Cal.Civ.Code 2860 does not apply where a corporation headquartered in New York, with a New York issued policy, happens to have been sued in California. The insurer's obligations to its New York insured are governed by New York law and should be decided in this forum. California courts agree. See *Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.*, 15 Cal. App. 4th 800, 804 (1993):

> The California Legislature did not say, and could not say, *Cumis* [Cal.Civ.Code 2860(c)] fee issues must be decided through mandatory arbitration and we forbid federal judges or juries from deciding these issues. The federal courts retain the power to decide these and any other issues, when properly before them, through any dispute resolution method the federal statutes and rules provide.

There is no rate dispute. Other issues remain and will remain until the conclusion of the underlying suit. California law does not apply here to make a California rate arbitration possible. The parties to this case have not agreed to an arbitration procedure and without an arbitration agreement no arbitration is appropriate

B.   **The Parties Should Cooperatively Resolve Reasonableness Questions**

During the course of the present defense of the GoPro suit, the parties should continue efforts to resolve any disputes about the reasonableness of defense expenses. MSA has very recently retained a monitoring counsel who recently reviewed a defense invoice and recommended reductions. 360Heros promptly responded in detail to his report, pointing out the erroneous assumptions and misunderstandings about the work reflected in the invoice. Defense counsel suggested that monitoring counsel should consider the substantial details about work in the case, including strategy, pleadings, correspondence, and reports, not merely relying on invoice entries and suppositions about how much time on which tasks was reasonably required for proper defense of the insured.

The Court should order the parties to cooperate in reviewing defense expenses going forward, meeting and conferring as necessary about disputes and making prompt resolution efforts.

## V.  CONCLUSION

The Court should grant 360Heros' motion for preliminary injunction to require MSA to pay defense expenses in the underlying GoPro suit by paying defense invoices in full within 30 days. Then the parties should be required to meet and confer to contemporaneously resolve disputes about the reasonableness of defense expenses so that any necessary adjustments in defense activities can be made.

Dated:  January 5, 2018

| **HANCOCK ESTABROOK, LLP** | **GAUNTLETT & ASSOCIATES** |
|---|---|
| James P. Youngs, Esq. (Bar Roll No. 515029) | By:  /s/ David A. Gauntlett |
| 100 Madison Street, Suite 1500 | David A. Gauntlett, Esq. (pro hac vice) |
| Syracuse, NY  13202 | James A. Lowe, Esq. (pro hac vice) |
| Telephone:  (315) 565-4526 | Gauntlett & Associates |
| Cell Phone: (315) 440-6139 | 18400 Von Karman, Suite 300 |
| Facsimile:  (315) 565-4626 | Irvine, CA 92612 |
| jyoungs@hancocklaw.com | Telephone: (949) 553-1010 |
| | Facsimile:  (949) 553-2050 |
| | info@gauntlettlaw.com |
| | jal@gauntlettlaw.com |

Attorneys for Plaintiff
360HEROS, INC.

## CERTIFICATE OF SERVICE

**I hereby certify** that on January 5, 2018, I electronically filed the foregoing document with the Clerk of this Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  January 5, 2018

| **HANCOCK ESTABROOK, LLP** | **GAUNTLETT & ASSOCIATES** |
|---|---|
| James P. Youngs, Esq. (Bar Roll No. 515029) | By:  /s/ David A. Gauntlett |
| 100 Madison Street, Suite 1500 | David A. Gauntlett, Esq. |
| Syracuse, NY  13202 | James A. Lowe, Esq. |
| Telephone:  (315) 565-4526 | Gauntlett & Associates |
| Cell Phone: (315) 440-6139 | 18400 Von Karman, Suite 300 |
| Facsimile:  (315) 565-4626 | Irvine, CA 92612 |
| jyoungs@hancocklaw.com | Telephone: (949) 553-1010 |
|  | Facsimile:  (949) 553-2050 |
|  | info@gauntlettlaw.com |
|  | jal@gauntlettlaw.com |

Attorneys for Plaintiff
360HEROS, INC.