**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**360HEROS, INC.**, *a Delaware Corporation*,

                **Plaintiff,**

vs.

**MAINSTREET AMERICA ASSURANCE COMPANY**, *a Florida Corporation*,

                **Defendant.**

5:17-cv-549
(MAD/DEP)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **GAUNTLETT & ASSOCIATES**<br>18400 Von Karman Avenue, Suite 300<br>Irvine, California 92612<br>Attorneys for Plaintiff | **DAVID A. GAUNTLETT, ESQ.**<br>**JAMES A. LOWE, ESQ.** |
| **HANCOCK & ESTABROOK, LLP**<br>1500 AXA Tower I<br>100 Madison Street<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **JAMES P. YOUNGS, ESQ.** |
| **KENNEY SHELTON LIPTAK NOWAK LLP**<br>233 Franklin Street<br>Buffalo, New York 14202<br>Attorneys for Defendant | **JESSICA L. FOSCOLO, ESQ.**<br>**TIMOTHY E. DELAHUNT, ESQ.**<br>**ASHLYN M. CAPOTE, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

Plaintiff 360Heros, Inc. ("360Heros") commenced this action on May 18, 2017, seeking declaratory relief and damages for Defendant Mainstreet America Assurance Company's ("MSA") alleged breach of contract based on its "failure and refusal to pay policy benefits and to defendant 360Heros in an underlying copyright[,] trademark and patent . . . lawsuit venued in the United States District Court for the Northern District of California, styled as *GoPro, Inc. v.*

*360Heros*, Case No. 16-cv-01944 (the '*GoPro Action*')." That same day, 360Heros moved for preliminary injunctive relief. *See* Dkt. No. 2.

On January 15, 2019, MSA moved for summary judgment, with 360Heros' response due February 4, 2019. *See* Dkt. No. 61. On January 25, 2019, 360Heros moved to strike by order to show cause. *See* Dkt. No. 62. In its motion to strike, 360Heros seeks the following relief:

> (a) Striking evidence and argument in the Defendant's Motion for Summary Judgment referring to settlement negotiations and settlement proposals that violates Federal Rule of Evidence 408;
>
> (b) Requiring a revised Motion for Summary Judgment to be filed that is amended to eliminate the inadmissible allegations and all references to and arguments based on the inadmissible allegations referring to alleged settlement negotiations and proposals; and
>
> (c) Granting such other and further relief this Court deems just and proper under the circumstances.

*See id.* at 1. In support of its motion, 360Heros argues that MSA's use of information and discussions regarding settlement is inadmissible under Rule 408 and that they irrelevant and unduly prejudicial. *See* Dkt. No. 62-1 at 5-8. Further, 360Heros contends that the alleged settlement materials have no relevance to MSA's argument on standing and the related issue of mootness, "which is dependent upon an inquiry into 360Heros' injury-in-fact." *Id.* at 6. Finally, 360Heros asserts that the Court's standard notice of motion procedure cannot be used because the hearing date on this motion would postdate the date its response to the pending motion for summary judgment is due. *See* Dkt. No. 62-2 at ¶ 8.

Having reviewed 360Heros' arguments and the applicable law, the Court denies the motion to strike. First, the Court finds that moving through an order to show cause for the relief it seeks is inappropriate. The arguments raised are more appropriately addressed in response to the pending motion for summary judgment. Further, 360Heros can move to strike in conjunction

with its response to the motion for summary judgment. Nothing in the motion to strike warrants departing from the Court's normal motion practice, which in this case requires 360Heros to file a cross-motion to strike in conjunction with its response in opposition to the motion for summary judgment. *See* Individual Rules and Practices of Hon. Mae A. D'Agostino, § 2(C)(iii). As such, the Court denies 360Heros motion to strike.

Even assuming that 360Heros motion was properly brought as an order to show cause, the Court would nevertheless deny the relief sought. 360Heros seems to imply that Rule 408 prohibits any and all evidence relating to settlement discussions, regardless of the context in which it is raised. Rule 408, however, is much more limited in scope. Rule 408(a) provides as follows:

> Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a). There is an exception, however, contained in Rule 408(b). Rule 408(b) states that "[t]his rule does not require exclusion if the evidence if offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b).

3

Rule 408(b) makes clear that evidence is not excluded under the Rule if it is offered for purposes other than proof of liability for, invalidity of, or amount of a disputed claim. *See id.* The list of examples uses set forth in Rule 408(b) is illustrative, not exhaustive. *See Sterling Sav. Bank v. Citadel Devel. Co., Inc.*, 656 F. Supp. 2d 1248, 1255 (D. Or. 2009) (citing *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1162 n.9 (9th Cir. 2007)) (other citation omitted).

In the motion for summary judgment, MSA uses evidence concerning settlement in support of the following arguments: (1) the complaint must be dismissed because there is no longer a judicable controversy; (2) the only extant dispute arising out of the underlying litigation is between Gauntlett & Associates and MSA over the reasonableness of Gauntlett's fees and, to the extent that Gauntlett seeks to litigate that dispute, the dispute must be resolved through arbitration pursuant to California statute; (3) the breach of contract cause of action is moot; and (4) 360Heros' bad faith cause of action is both duplicative of 360Heros' breach of contract cause of action and moot given the settlement of the underlying action. *See* Dkt. No. 61-81 at 13-21. None of these arguments fall within the categories of impermissible purposes under Rule 408(a). Indeed, cases have found that evidence of a settlement is admissible when it is used to either establish or attack the court's jurisdiction. *See, e.g., National Presort, Inc. v. Bowe Bell & Howell Co.*, 663 F. Supp. 2d 505, 508 (N.D. Tex. 2009); *Utah Reverse Exchange, LLC v. Donado*, No. 14-0408, 2015 WL 419874, *1 (S.D. Ala. Feb. 2, 2015) (holding that Rule 408 did not preclude the court from considering a settlement offer/demand where the "only purpose of alleging the demand/offer is to establish that there is a live controversy, exceeding the jurisdictional amount, as to which subject matter jurisdiction can attach and declaratory relief can be granted"); *Mottley v. Spillan*, No. 2:07-cv-384, 2008 WL 926580, *3 (S.D. Ohio Apr. 3, 2008) (holding that "Rule

408 does not prohibit introduction of the fact of a settlement that would moot a case regardless of the merits – *the validity or invalidity* – of the underlying claims") (emphasis in original).

Based on the foregoing, 360Heros' motion to strike is denied.

Accordingly, the Court hereby

**ORDERS** that 360Heros' motion to strike by order to show cause is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules; and the Court further

**ORDERS** that 360Heros' response to the motion for summary judgment is due on or before February 4, 2019; and the Court further

**ORDERS** that MSA's reply in further support of its motion for summary judgment is due on or before February 8, 2019.

**IT IS SO ORDERED.**

Dated: January 29, 2019
      Albany, New York

/s/ Mae A. D'Agostino
Mae A. D'Agostino
U.S. District Judge