**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**360HEROS, INC.**, *a Delaware Corporation*,

               **Plaintiff**,

vs.

**MAINSTREET AMERICA ASSURANCE COMPANY**, *a Florida Corporation*,

               **Defendant.**

**5:17-cv-549
(MAD/DEP)**

---

**APPEARANCES:**

**GAUNTLETT & ASSOCIATES**
18400 Von Karman Avenue, Suite 300
Irvine, California 92612
Attorneys for Plaintiff

**HANCOCK & ESTABROOK, LLP**
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Attorneys for Plaintiff

**KENNEY SHELTON LIPTAK NOWAK LLP**
233 Franklin Street
Buffalo, New York 14202
Attorneys for Defendant

**OF COUNSEL:**

**DAVID A. GAUNTLETT, ESQ.
JAMES A. LOWE, ESQ.**

**JAMES P. YOUNGS, ESQ.**

**MELISSA A. FOTI, ESQ.
TIMOTHY E. DELAHUNT, ESQ.**

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff 360Heros, Inc. ("360Heros") brought this declaratory judgment action to resolve a contract dispute with its litigation insurer, Defendant Mainstreet America Assurance Company ("MSA"). *See* Dkt. No. 61-81 at 6. The Amended Complaint alleges causes of actions for breach of contract, account stated, and breach of the covenant of good faith and fair dealing, and requests

declaratory relief and damages. *See* Dkt. No. 18 at 7-12. Defendant has moved for summary judgment for lack of subject matter jurisdiction. For the following reasons, that motion is granted.

## II. BACKGROUND

**A.** **Facts**

The parties executed a contract by which Defendant agreed to provide litigation insurance to Plaintiff, covering "personal and advertising injury," up to $1,000,000 per occurrence and $2,000,000 in the aggregate, for a period of time from July 1, 2013 through July 1, 2016 (the "Policy"). *See* Dkt. No. 64-1 at 1; Dkt. No. 61-2 at 10. On April 13, 2016, non-party GoPro, Inc. ("GoPro") sued Plaintiff in the Northern District of California, alleging trademark and copyright infringement (hereinafter, the "*GoPro Action*"). *See* Dkt. No. 64-1 at 1-2. Pursuant to the Policy, Defendant agreed to defend Plaintiff in the *GoPro Action* and allowed Plaintiff to retain "independent counsel of its choice" at Defendant's expense. *See id.* at 2; Dkt. No. 61-4 at 2-9.

On August 4, 2016, Defendant agreed to Plaintiff's selection of Gauntlett & Associates ("G&A") as counsel, and agreed to pay "the hourly rates of $350 [for] partners, $285 [for] associates and $150 for paralegals." *See* Dkt. No. 61-6 at 1; Dkt. No. 64-1 at 2-3. In the letter confirming that agreement, Defendant wrote:

> MSA will use its best efforts to pay the reasonable and necessary fees and costs incurred in the defense of 360Heros within 30 days of receipt of the billing invoice in acceptable format with supporting costs documentation. Because MSA has no control over the time it may take your firm to respond to a billing dispute that may arise, it cannot commit to resolving the dispute within 15 days of when the dispute is identified, but it will use its best efforts to make payment within 15 days after any such billing dispute is resolved that requires further payment to your firm. Any payments made are subject to the right to seek reimbursement of fees incurred in the defense of non-covered claims as set forth in the August 2, 2016 reservation of rights letter.

2

*See* Dkt. No. 61-6 at 2-3.

Pursuant to that agreement, Defendant paid the first seven invoices it received from G&A, from September 1, 2016 through March 1, 2017.[1] *See* Dkt. No. 64-1 at 5. However, beginning around May 2017, several billing disputes arose regarding (1) whether the Policy required Defendant to pay for work done on a patent-infringement cross-claim that G&A brought on behalf of Plaintiff in the *GoPro Action*, and (2) whether the fees that G&A was charging Defendant were reasonable. *See id.* at 6-7; Dkt. No. 61-17 at 2-3 (letter from Defendant to G&A complaining of "excessive charges" in the March 2017 and April 2017 invoices and instructing G&A to bill the costs associated with the patent infringement cross-claims to Plaintiff).

**B.     Procedural History**

Plaintiff commenced this action on May 18, 2017, seeking a declaration that Defendant is obligated to pay for its defense in the *GoPro Action* and a preliminary injunction to compel payment of past-due invoices and all of G&A's invoices going forward. *See* Dkt. No. 1 at ¶¶ 43-59. The next day, Defendant wrote a letter to G&A in which Defendant acknowledged that it was responsible for payment of Plaintiff's legal representation "for all causes of action while the potentially covered cause of action is before the court," but noted that the duty to pay G&A extended only to "work that is reasonable and necessary." *See* Dkt. No. 61-21 at 2. G&A responded to that letter on May 25, 2017. *See* Dkt. No. 61-22.

On August 21, 2017, the parties participated in a settlement conference before Magistrate Judge David E. Peebles. *See* Dkt. No. 64-1 at 12. During that conference, the parties negotiated several of the outstanding balances, including a credit of $8,122.53 which was reflected on

---

[1] According to Plaintiff, payment on Invoice 3 was short by $6,753.00, payment on Invoice 5 was $516.00 short, and payments for Invoices 6 and 7 were late. *See* Dkt. No. 64-1 at 5-6.

G&A's January 1, 2018 invoice. *See id.* at 14. Still, no settlement agreement was ever executed, and following the conference, Defendant hired an independent California attorney, Ken Keller, to review G&A's bills for reasonableness. *See id.* at 15. Keller recommended $136,363.00 worth of deductions from invoices dated August 1, 2017 through November 16, 2017, for unreasonable and excessive billing. *See id.* at 16-17. Because MSA had already paid those invoices, "MSA considered itself to have a $136,363.00 credit from G & A pursuant to MSA's August 17, 2016 letter in which MSA agreed to pay only reasonable and necessary defense fees and expenses incurred by *Cumis* counsel."[2] *See id.* at 17.

On February 21, 2018, this Court denied Plaintiff's motion for a preliminary injunction, noting that Defendant "has acknowledged its duty to defend and continues to acknowledge this obligation," and "has so far paid defense costs of $1,165,712.69." *See* Dkt. No. 43 at 13-16. In its Memorandum-Decision and Order, the Court summarized Plaintiff's argument as follows:

> Basically, G&A is arguing that MSA should pay any amount claimed by G&A, regardless of how unreasonable the amount may be and then, at some later date, MSA can try to recoup any such unreasonable fees paid from either G&A or 360Heros. Unsurprisingly, G&A fails to provide any authority supporting its request and the Court was unable to find any.

*Id.*

The *GoPro Action* was settled on or about May 17, 2018 by way of a settlement agreement. As part of the settlement, Defendant paid GoPro $575,000 on Plaintiff's behalf. *See* Dkt. No. 64-1 at 19. On May 21, 2018, the *GoPro Action* was dismissed. *See id.*

---

[2] Plaintiff disputes the statement that G&A was hired "as *Cumis* counsel for 360Heros," which is a construct of California law, arguing instead that "360Heros selected 'independent defense counsel' as it was entitled to under New York law." *See* Dkt. No. 64-1 at 2-4.

On January 15, 2019, Defendant filed a motion for summary judgment, arguing that the Court lacks subject matter jurisdiction over this case because a justiciable controversy no longer exists. *See* Dkt. No. 61-81 at 7. Plaintiff responded by filing an order to show cause, asking the Court to strike all references to settlement materials from the motion for summary judgment. *See* Dkt. No. 62-1 at 4. The Court denied that motion on January 29, 2019. *See* Dkt. No. 63 at 5.

On February 4, 2019, Plaintiff filed its opposition to the motion for summary judgment and moved to strike the references to the settlement materials in Defendant's motion. *See* Dkt. Nos. 64, 65-1. Defendant filed a reply in further support of its motion for summary judgment on February 8, 2019. *See* Dkt. No. 69. On February 21, 2019, Defendant opposed the motion to strike, and Plaintiff filed its reply on February 26, 2019. *See* Dkt. Nos. 70-8, 71.

The motion for summary judgment and motion to strike are presently before the Court.

### III. DISCUSSION

**A.    Motion to Strike**

In this Court's January 29, 2019 Order, the Court considered Plaintiff's argument that the references to the settlement discussions should be stricken under Federal Rule of Evidence 408 and concluded that, even if the motion was properly brought, "the Court would nevertheless deny the relief sought." *See* Dkt. No. 63 at 3. In reaching that conclusion, the Court reasoned:

> MSA uses evidence concerning settlement in support of the following arguments: (1) the complaint must be dismissed because there is no longer a judicable controversy; (2) the only extant dispute arising out of the underlying litigation is between Gauntlett & Associates and MSA over the reasonableness of Gauntlett's fees and, to the extent that Gauntlett seeks to litigate that dispute, the dispute must be resolved through arbitration pursuant to California statute; (3) the breach of contract cause of action is moot; and (4) 360Heros' bad faith cause of action is both duplicative of 360Heros' breach of contract cause of action and moot given the settlement of the underlying action. None of these arguments fall within the categories of impermissible purposes under Rule 408(a). Indeed,

5

> cases have found that evidence of a settlement is admissible when it is used to either establish or attack the court's jurisdiction.

*Id.* at 4 (citing Dkt. No. 61-81 at 13-21) (other citations omitted).

Despite the Court's clear indication that it would deny such relief, Plaintiff has now moved to strike the references to the settlement materials. *See* Dkt. No. 65-1 at 4. For the reasons stated in the January 29, 2019 Order, Plaintiff's motion to strike is denied.

**B.     Motion for Summary Judgment**

*1. Legal Standard*

A court may grant a motion for summary judgment only if it determines that there are no genuine issues of material fact to be tried and that the movant is entitled to judgment as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

*2. Duty to Defend*

Plaintiff argues that "[a]lthough MSA agreed to provide a defense to 360Hero subject to reservation of rights, it is wrongly denied prompt, immediate and complete payment of reasonable and necessary defense expenses and attorney's fees." *See* Dkt. No. 18 at ¶ 49.

"Under New York law, an insurer has an 'exceedingly broad' duty to defend the insured, and an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage.'" *Westport Ins. Corp. v. Hamilton Wharton*

*Grp., Inc.*, No. 10-CV-2188, 2011 WL 724737, *2 (S.D.N.Y. Feb. 23, 2011), *aff'd*, 483 Fed. Appx. 599 (2d Cir. 2012) (quoting *Century 21, Inc. v. Diamond State Ins. Co.*, 442 F.3d 79, 82 (2d Cir. 2006) and *Int'l Bus. Machs. Corp. v. Liberty Mut. Fire Ins. Co.*, 303 F.3d 419, 424 (2d Cir. 2002)); *see also Sea Ins. Co. v. Westchester Fire Ins. Co.*, 849 F. Supp. 221, 223 (S.D.N.Y. 1994), *aff'd*, 51 F.3d 22 (2d Cir. 1995) (noting that the insurer's duty to defend arises whenever the allegations in the complaint are "conceivably . . . within the scope of the litigation insurance purchased") (citing *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 310 (1984)).

"It is well settled that the duty to defend arises under contract." *U.S. Underwriters Ins. Co. v. Orion Plumbing & Heating Corp.*, 321 F. Supp. 3d 313, 319 (E.D.N.Y. 2018) (citation omitted). "In order to recover from a defendant for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) (citations omitted). "[T]he initial interpretation of a contract is a matter of law for the court to decide" and where the contract is unambiguous, a court is "required to give effect to the contract as written." *K. Bell & Assocs., Inc. v. Lloyd's Underwriters*, 97 F.3d 632, 637 (2d Cir. 1996) (quotations omitted).

In this case, Plaintiff does not deny that Defendant acknowledged its duty to defend Plaintiff and agreed to pay for Plaintiff's independent counsel in the *GoPro Action*. *See* Dkt. No. 61-21 at 2 (letter dated May 19, 2017 from Defendant to G&A acknowledging its duty to defend Plaintiff); Dkt. No. 64-1 at 9 (Plaintiff noting that Defendant "agreed it had a duty to defend in regard to the defense fees incurred 'conducted against liability'"). Indeed, the Policy unambiguously indicates that Defendant agreed to provide litigation insurance to Plaintiff, from

7

July 1, 2013 through July 1, 2016. *See* Dkt. No. 61-2 at 10 (covering "personal and advertising injury," up to $1,000,000 per occurrence and $2,000,000 in the aggregate). Still, the parties disagree over when the duty to defend is satisfied.

### 3. *Reasonableness of Attorneys' Fees*

Although the duty to defend is broad, it is well settled that the duty only extends to payment of reasonable fees and costs. *See, e.g.*, *Pub. Serv. Mut. Ins. Co. v. Goldfarb*, 53 N.Y.2d 392, 401 (1981) ("[the defendant] is entitled to defense by an attorney of his own choosing, whose reasonable fee is to be paid by the insurer"). As this Court stated in its February 21, 2018 Memorandum-Decision and Order, "courts are generally reluctant to permit recovery of more than reasonable costs, with good reason: lawyers are ethically bound to charge only reasonable fees to their clients." *See* Dkt. No. 43 at 15 (citing American Bar Association Model Rule of Professional Conduct 1.5(a)). Thus, even when an insurance policy does not expressly limit an insured's recovery to "reasonable" defense costs, some courts have found that such a limitation is implied because "[w]ithout such an understood qualification of reasonableness, insurers would be at the mercy of their insured's attorneys." *Macmillan, Inc. v. Fed. Ins. Co.*, 141 F.R.D. 241, 243-44 (S.D.N.Y. 1992); *see also Liberty Mut. Ins. Co. v. Cont'l Cas. Co.*, 771 F.2d 579, 582 (1st Cir. 1985) (noting that eliminating the reasonableness requirement "would be to invite excessive, duplicative, or outrageous charges").

Here, Defendant continues to be involved in a fee dispute with G&A, the independent counsel that Defendant hired to represent Plaintiff. According to Plaintiff, this dispute has injured Plaintiff, because Defendant breached its duty to pay "100 percent" of Plaintiff's defense costs.[3]

---

[3] The Court rejected this argument in its February 21, 2018 Memorandum-Decision and Order. *See* Dkt. No. 43 at 13 ("Basically, G&A is arguing that MSA should pay any amount

(continued...)

*See* Dkt. No. 64 at 11-12.  Defendant responds that since the *GoPro Action* has been resolved by settlement, Plaintiff has not been injured and, as such, the Court no longer has subject matter jurisdiction over this case.  *See* Dkt. No. 61-81 at 14-17.

### *4. Standing & Mootness*

"Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation omitted) (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)).  "As an incident to the elaboration of this bedrock requirement," a plaintiff seeking to maintain an action in federal court is "always required" to have standing.  *Valley Forge Christian Coll.*, 454 U.S. at 471; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  The "[s]tanding doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000); *see also Genesis Healthcare*, 569 U.S. at 71 ("This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved").  Thus, standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Kiryas Joel All. v. Vill. of Kiryas Joel*, 495 Fed. Appx. 183, 188 (2d Cir. 2012).

---

[3](...continued)
claimed by G&A, regardless of how unreasonable the amount may be and then, at some later date, MSA can try to recoup any such unreasonable fees paid from either G&A or 360Heros. Unsurprisingly, G&A fails to provide any authority supporting its request and the Court was unable to find any.").

"To demonstrate standing, a plaintiff must have 'alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction.'" *Salazar v. Buono*, 559 U.S. 700, 711 (2010) (quoting *Horne v. Flores*, 557 U.S. 433, 445 (2009)) (emphasis omitted). As the Supreme Court established in *Lujan*, "the irreducible constitutional minimum of standing contains three elements:"

> First, the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560-61 (internal citations, alterations, and quotation marks omitted).

"[I]njury in fact, the first and foremost of standing's three elements, . . . is a constitutional requirement." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016), as revised (May 24, 2016) (internal quotation omitted). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560 n.1); *see also Valley Forge Christian Coll.*, 454 U.S. at 472 (standing requires that the plaintiff "personally has suffered some actual or threatened injury") (quotation omitted). In addition to particularization, "[a]n injury in fact must also be 'concrete.' *Spokeo*, 136 S. Ct. at 1548. "A 'concrete' injury must be '*de facto*;' that is, it must actually exist." *Id.* (citing Black's Law Dictionary 479 (9th ed. 2009)).

"The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does." *DaimlerChrysler Corp. v. Cuno*, 547

U.S. 332, 335 (2006). While "[s]tanding is determined at the time a complaint is filed," the ongoing feasibility of a lawsuit is a question of mootness. *See Jones v. Goord*, 435 F. Supp. 2d 221, 255 (S.D.N.Y. 2006). Mootness "ensures that the occasion for judicial resolution established by standing persists throughout the life of a lawsuit." *Amador v. Andrews*, 655 F.3d 89, 99 (2d Cir. 2011) (citation omitted). "There is thus no case or controversy, and a suit becomes moot, 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 568 U.S. 165, 171 (2013) (quotation omitted). Still, a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (quotation omitted). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.*

Upon careful review of the record, the Court finds it no longer has subject matter jurisdiction over this action, because Plaintiff no longer has a concrete and particularized, legally cognizable interest in the case. *See id.* at 171; *Lujan*, 504 U.S. at 560. Plaintiff received a full defense in the *GoPro Action* which resulted in the resolution of that action by settlement agreement. *See* Dkt. No. 64-1 at 19. Defendant paid for G&A to represent Plaintiff throughout the *GoPro Action*. *See id.* at 5-6 (Defendant paid the first seven invoices, from September 1, 2016 through March 1, 2017); *id.* at 13 (the parties agree "that there is no dispute over the G & A invoices through June 30, 2017"); *id.* at 13-14 (Defendant paid an additional $10,000 to G&A after the August 22, 2017 settlement conference); *id.* at 14-15 (Defendant paid Invoice 13, minus approximately $1,119.54, and Invoices 17 and 18, which were paid in one payment, short by $8,122.53); *id.* at 18 (Defendant paid Invoices 19 and 20, minus some deductions for what it believed to be unreasonable fees); *see also* Dkt. No. 43 at 13 (noting that, as of February 21, 2018, Defendant had paid defense costs of $1,165,712.69). Defendant paid $575,000 to GoPro to

settle the *GoPro Action*, and the case was dismissed on May 21, 2018.  *See* Dkt. No. 64-1 at 19.  Thus, Defendant fulfilled its duty under the Policy to provide Plaintiff with a full defense, and Plaintiff has not suffered any actual, concrete injury that "affect[ed] [it] in a personal and individual way."  *Spokeo*, 136 S. Ct. at 1547-48.

Plaintiff argues that a justiciable controversy remains because it has been harmed "by the violation of its contract right to payment by MSA of reasonable defense fees in the GoPro Action," and "because it was forced to pursue an action against MSA addressing its bad faith conduct."  *See* Dkt. No. 64 at 10; *see also id.* at 12 (stating that "MSA's failure to pay for all 360Hero's reasonable defense fees is a violation of MSA's defense duty to its policyholder to pay '100 percent of an insured's defense costs'").  Despite Plaintiff's assertion that this caused Plaintiff to receive only a "partial defense," *see id.* at 11, the record shows that Plaintiff was fully defended in the *GoPro Action*.  There is no evidence that Plaintiff was inadequately represented in the *GoPro Action*, or that Plaintiff had to pay out of pocket for its defense.  In fact, even if G&A were to prevail on all of Plaintiff's claims, Plaintiff would not be entitled to any recovery, because Plaintiff did not suffer an injury at the hands of Defendant.  *See Chafin*, 568 U.S. at 171 (noting that a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party"); *see also* Dkt. No. 61-81 at 14 (Defendant noting that "a ruling by this Court providing the declaration sought in the complaint would provide no relief to 360Heros").  Therefore, no justiciable controversy remains in this case.

Plaintiff's argument that Defendant ignored its duty to "pay the insured's defense costs as they are incurred," by failing to pay G&A's invoices in full is unavailing.  *See* Dkt. No. 64 at 14.  While there is "a general principle under insurance law, that the obligation to pay under a liability policy arises as soon as the insured incurs the liability for the loss," *see In re WorldCom, Inc. Sec.*

12

*Litig.*, 354 F. Supp. 2d 455, 464 (S.D.N.Y. 2005), that duty is not absolute. As discussed *supra*, the duty to defend extends only to payment of reasonable fees and costs. *See, e.g.*, *Pub. Serv. Mut. Ins. Co.*, 53 N.Y.2d at 401; *see also Stuckey v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 15-CV-6639, 2015 WL 5547441, *8 (S.D.N.Y. Sept. 17, 2015) (noting that several courts in the Second Circuit, including the court in *In re WorldCom*, have found that "failure to advance defense costs in any amount can, in appropriate circumstances, give rise to irreparable harm," but distinguishing such cases from one where the insurer paid what it considered to be reasonable costs). Here, the undisputed facts show that Defendant addressed all of G&A's bills as they were incurred, and paid all but the amounts that it disputed for reasonableness. Thus, the Court does not find that Defendant has abandoned its duty to defend Plaintiff.[4] *Compare Lexington Ins. Co. v. MGA Entm't, Inc.*, No. 12-CV-3677, 2014 WL 3955205, *4 (S.D.N.Y. Aug. 13, 2014) (finding possible bad faith under California law where the insurer failed to investigate claims by the insured, as it was obligated to do, because "it [wa]s obvious that some amount [wa]s due - the only question is how much") (citation omitted).

Finally, as Defendant points out, the cases that Plaintiff cites are inapposite because they involve instances where the insured suffered actual harm at the expense of the insurer. *See* Dkt. No. 69-1 at 10. In each of those cases, the insured party paid for its own defense up-front when the insurer refused to pay. *See U.S. Underwriters Ins. Co. v. Weatherization, Inc.*, 21 F. Supp. 2d 318, 326 (S.D.N.Y. 1998) (noting that it is settled New York law that where "an insured is forced to defend an action because the insurer wrongfully refused to provide a defense, the insured is

---

[4] As the Court noted in its February 21, 2018 order, contrary to breaching the Policy, Defendant "has acknowledged its duty to defend and continues to acknowledge this obligation," and "has agreed to confer with G&A regarding any amounts its claims [sic] is unreasonable and will continue to expeditiously process all invoices." *See* Dkt. No. 43 at 13.

13

entitled to recover its reasonable defense costs, including attorney's fees"); *In re WorldCom*, 354 F. Supp. 2d at 463 (insured requesting reimbursement of defense costs); *Danaher Corp. v. Travelers Indem. Co.*, No. 10-CV-121, 2014 WL 7008938, *1 (S.D.N.Y. Dec. 12, 2014) (insured seeking reimbursement for defense and indemnity costs); *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 615 (2d Cir. 2001) (insured seeking indemnification for $2 million paid to settle a case); *Schulman Inv. Co. v. Olin Corp.*, 514 F. Supp. 572, 578 (S.D.N.Y. 1981) (insured seeking indemnification of damages payment from insurer); *Savoy Med. Supply Co. v. F & H Mfg. Corp.*, 776 F. Supp. 703, 710 (E.D.N.Y. 1991) (dispute as to whether the plaintiff's injuries in fact were covered by the insurance policy). Thus, in those cases, a justiciable controversy existed, because the insured party was injured by the insurer's failure to defend it in a lawsuit. Those circumstances do not exist here, where Plaintiff never paid for its legal representation and received a full defense in the *GoPro Action*.[5]

In sum, with the settlement of the *GoPro Action*, Defendant fulfilled its contractual obligations under the Policy. Accordingly, there is no longer a "case" or "controversy" between the parties over which the Court can issue a declaratory judgment or render a decision about the breach of contract, bad faith, or account stated claims. The only open issue regarding the defense

---

[5] Plaintiff argues that, "[i]t is of no moment whether 360Heros had the financial ability to pay defense fees . . . An insured with less fiscal ability to pay for its own defense, who has a conflict of interest, cannot be penalized by receiving fewer policy benefits than an insured with more money, entitling it to select independent counsel) [sic] or whose defense was provided through appointed counsel." *See* Dkt. No. 64 at 15. The argument, apparently, is that because Plaintiff did not have the financial ability to defend itself, it would not have been able to pay for G&A's representation in the *GoPro Action* had Defendant not paid for its defense. Since Defendant funded Plaintiff's full defense, that argument invents a purely hypothetical injury that fails to support jurisdiction. *See Spokeo*, 136 S. Ct. at 1548 ("[a] 'concrete' injury must . . . actually exist"). Moreover, the record does not support Plaintiff's suggestion that it received "fewer policy benefits than an insured with more money," as the undisputed facts clearly establish that Plaintiff selected independent counsel and received a full defense in the *GoPro Action*.

that Plaintiff received in the *GoPro Action* is a fee dispute over the reasonableness of non-party G&A's attorney's fees. That dispute arises not from the Policy, but from a separate fee arrangement between G&A and Defendant, to which Plaintiff is not a party. Accordingly, this case must be dismissed for lack of subject matter jurisdiction.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Mainstreet America Assurance Company's Motion for Summary Judgment (Dkt. No. 61) is **GRANTED**; and the Court further

**ORDERS** that 360Hero's Motion to Strike (Dkt. No. 65) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 7, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge